OPINION
{¶ 1} Defendant-appellant, Brandon Hensley, appeals the sentencing judgment of the Clermont County Court of Common Pleas following his conviction for operating a vehicle under the influence of alcohol.
 {¶ 2} Appellant was indicted on two third-degree felony counts of operating a vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a) and (A)(1)(d) respectively, and one first-degree misdemeanor count of operating a vehicle under an OVI suspension, in violation of R.C. 4510.14(A). Appellant had previously been convicted of a felony OVI offense for which he was subject to community control at the time these charges arose.
 {¶ 3} Upon a negotiated plea agreement, appellant entered a plea of guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a), with the state dismissing the remaining charges. The trial court sentenced appellant to a greater than minimum, four-year prison term for this offense. Appellant presents a single assignment of error arising out of the trial court's sentencing decision.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPOSING A SENTENCE GREATER THAN THE MINIMUM SENTENCE REQUIRED IN VIOLATION OF OHIO REVISED CODE SECTION 2929.14(B)."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court's imposition of a greater than minimum sentence based upon factors set forth in R.C. 2929.14 is unconstitutional in that it violates appellant's Sixth Amendment right to a trial by jury and the mandates ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531 and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The state concedes this issue, recognizing that the appropriate remedy for such violation is to vacate the trial court's sentence and remand the case for the imposition of a new sentence. Nevertheless, the state argues that appellant waived any objection to the trial court's sentence by failing to address it during the sentencing hearing.
 {¶ 7} As acknowledged by both appellant and the state on appeal, portions of Ohio's statutory sentencing scheme have been ruled unconstitutional by the Ohio Supreme Court. See Foster at ¶ 83. Among such provisions is R.C. 2929.14(B), concerning the imposition of a greater than minimum prison term. Id. The Foster court severed this section from the sentencing code and instructed that all cases pending on direct review in which unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104.
 {¶ 8} In this case, the trial court made express findings during sentencing that "* * * the minimum prison sentence is not appropriate because the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public * * *." (Emphasis sic.) Because the trial court utilized R.C. 2929.14(B) to sentence appellant, we must remand this case for resentencing consistent withFoster.
 {¶ 9} Appellant's assignment of error is sustained.
 {¶ 10} The judgment of the trial court is reversed as to sentencing only, and the case is remanded for resentencing.
POWELL, P.J., and YOUNG, J., concur.